# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN L. CHAPMAN,

    Petitioner,

    v.

WARDEN, BELMONT
COUNTY JAIL,

    Respondent.

CASE NO. 2:17-CV-1031
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner has filed a request to proceed *in forma pauperis* and submitted an Affidavit in support. (Doc. 1-1, PageID# 11-12.) Upon consideration, the Court finds that the motion is meritorious, and it is therefore **GRANTED**.

**IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as premature**.**

Petitioner asserts that he is currently incarcerated in violation of the Fourth Amendment. He states that, on July 4, 2017, police conducted a pretextual traffic stop, and without probable

cause thereafter conducted an illegal search, resulting in his arrest. Petitioner has attached a copy of the State's response to his motion to suppress evidence, in Case Number 17-CR-0208. (Doc. 1-2, PageID# 13.) The docket of the Belmont County Court of Common Pleas indicates that Petitioner was charged with possession of drugs, and that he is pursuing a jury trial on these charges. The case is currently scheduled for trial to jury on December 18, 2017. See http://bceaccess.dyndns.org, Case No. 17 CR 0208. Thus, Petitioner has yet to be convicted of any offense. He does not indicate to the contrary.

28 U.S.C. § 2254 provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner does not allege that he is in custody pursuant to the judgment of any state court at this time. Thus, this action is premature. Although pretrial habeas petitions may be brought under the provision of 28 U.S.C. 2241, except in extraordinary circumstances, federal courts do not review pretrial habeas corpus petitions. *See Varner v. Berrien County Trial Court*, No. 1:14-cv-895, 2014 WL 4385428, at *1 (W.D. Mich. Sept. 3, 2014) (citing *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014)). Such are not the circumstances here. *See id*. (noting that such circumstances "may include speedy-trial challenges and double-jeopardy challenges – rights that cannot be fully vindicated if postponed until after conviction and sentence) (citations omitted).

Moreover, the sole claim that Petitioner raises herein, *i.e*., an alleged violation of the Fourth Amendment, does not provide a basis for federal habeas corpus relief, so long as the Petitioner had an opportunity to present the claim to the state courts. *See Davis v. Morgan*, No. 2:15-cv-00613, 2016 WL 6493420, at *9 (S.D. Ohio Nov. 2, 2016) (citing *Stone v. Powell*, 428

U.S. 465, 482 (1976)); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982) (opportunity for full and fair litigation of a Fourth Amendment claim exists where the state procedural mechanism presents an opportunity to raise the claim, and presentation of the claim was not frustrated by a failure of that mechanism.) Such appear to be the circumstances here.

> One, the key purpose of federal habeas corpus is to free innocent prisoners. But whether an investigation violated the Fourth Amendment has no bearing on whether the defendant is guilty. [Stone v. Powell], at 490, 96 S.Ct. 3037. Two, exclusion is a prudential deterrent prescribed by the courts, not a personal right guaranteed by the Constitution. Any deterrence produced by an additional layer of habeas review is small, but the cost of undoing final convictions is great. Id. at 493, 96 S.Ct. 3037.

*Good v. Berghuis*, 729 F.3d 636, 637 (6th Cir. 2013).

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as premature.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
