IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN L. CHAPMAN,

    Petitioner,

v.

WARDEN, BELMONT
COUNTY JAIL,

    Respondent.

CASE NO. 2:17-CV-1031
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On December 5, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section Cases in the United States District Courts recommending that this action be dismissed. (ECF No. 3.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The *Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his December 5, 2017, convictions pursuant to his plea of no contest in the Belmont County Court of Common Pleas on charges of possession of heroin, possession of cocaine, and trafficking in drugs. Although at the time Petitioner filed this habeas corpus petition the case was scheduled for a jury trial, and the Magistrate Judge therefore recommended dismissal of this action as premature, the docket of the Belmont County Court of Common Pleas now indicates that Petitioner subsequently entered a plea of no contest to the charges, and on December 18, 2017, the trial court imposed eleven years incarceration, to be followed by a term

of three years post release control. As his sole claim for federal habeas corpus relief, Petitioner asserts that his convictions violate the Fourth Amendment and due process.

However, plainly this action remains unexhausted and is subject to dismissal on that basis. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must first exhaust his claims in the state courts before presenting them in federal court. 28 U.S.C. § 2254(b); *see Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Additionally, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that exhaustion of the available state court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987). Petitioner has yet to file a direct appeal. Therefore, his claim(s) remain unexhausted. Moreover, Petitioner raises a claim regarding the alleged violation of the Fourth Amendment. As discussed by the Magistrate Judge, such a claim does not ordinarily provide a basis for federal habeas corpus relief. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982).

Therefore, Petitioner's *Objection* (ECF No. 6) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of this case. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

                                              1-2-2018
                                     EDMUND A. SARGUS, JR.
                                     Chief United States District Judge